UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUZ MARIA GUZMAN RIVERA,

    Plaintiff,

v.                                    Case No:   6:19-cv-1766-Orl-18GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**REPORT AND RECOMMENDATION**

    This case comes before the Court without a hearing on Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 18). After due consideration I respectfully recommend that the motion be **GRANTED**, that the Commissioner of Social Security Administration's final decision in this case be **REVERSED**, and that the case be **REMANDED** for further proceedings consistent with this Report and Recommendation.

    Plaintiff seeks review of the Commissioner's denial of her claim for Disability Insurance Benefits and Supplemental Security Income benefits under Title II and XVI of the Social Security Act (Doc. 1). Defendant is asking the Court to enter judgment remanding the case under sentence four of 42 U.S.C. § 405(g) because the administrative law judge ("ALJ") erred in failing "to recognize that Plaintiff had recently turned 55 years old ...." (Doc. 18, at 2). Defendant argues that remand is necessary for the ALJ to decide whether Plaintiff has transferable skills, to "apply the correct Grid rule

for the period beginning on Plaintiff's 55th birthday and, if necessary, obtain supplemental VE testimony." (Id., at 3).

Plaintiff opposes the motion because, in addition to the issue identified by the Commissioner, Plaintiff has raised four additional issues: (1) whether the ALJ properly assessed Plaintiff's residual functional capacity ("RFC"); (2) whether the ALJ applied the proper legal standards in assessing a "light" RFC for Defendant; (3) whether the ALJ's decision reconciled her findings with the applicable regulations; and (4) whether the ALJ provided a meaningful explanation of the consideration given to Plaintiff's ongoing headaches (Doc. 19 at 1). Plaintiff argues that although the Commissioner "has clearly conceded the legal errors the Commissioner made regarding Plaintiff's attainment of age 55, [ ] the other legal errors still exist and require due consideration." (Id., at 2).

On a sentence four remand, the ALJ must reassess the entire record. See Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983). In Rush v. Gardner, 273 F. Supp. 753, 754-55 (N.D. Ga. 1967), the claimant sought review of the subsequent reduction of his old-age benefits under 42 U.S.C. § 405(g), after the Commissioner relied on a new theory and new evidence following the district court's remand on a specific, different issue. The court held that a de novo hearing is permitted on remand because "the [Commissioner's] decision on remand must be made upon the entire record." Id. at 755. Thus, it appears that Plaintiff's concern is unfounded. On remand the Commissioner is obligated to reassess the entire record including the additional issues raised by Plaintiff. Therefore, I **RESPECTFULLY RECOMMEND**:

    (1) That the motion be **GRANTED**;

    (2) That the final decision of the Commissioner be **REVERSED** and **REMANDED**

pursuant to sentence four of 42 U.S.C. § 405(g), with directions to the Commissioner and ALJ to consider and decide:

    (a) whether Plaintiff, having turned 55 years old, has transferable skills, then apply the correct Grid rule for the period beginning on Plaintiff's 55th birthday and, if necessary, obtain supplemental vocational expert testimony;

    (b) whether the ALJ properly assessed Plaintiff's RFC;

    (c) whether the ALJ applied the proper legal standards in assessing a "light" RFC for Defendant;

    (d) whether the ALJ's decision reconciles her findings with the applicable regulations; and

    (e) whether the ALJ provided a meaningful explanation of the consideration given to Plaintiff's ongoing headaches;

(3) That the Clerk be directed to enter judgment for Plaintiff and close the case; and

(4) That Plaintiff be advised that she may file a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(a) and (d).

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and

- 4 -

Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on March 10, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties